SAMUEL KOCH, PLAINTIFF-APPELLANT, v. FRANKLIN MORTGAGE AND TITLE GUARANTY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October term, 1934—Decided February 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff-appellant, *Marder & Okin* (*Aaron Marder*).

For the defendant-respondent, *Emil A. Trautman, Jr.*

PER CURIAM.

Plaintiff appeals from a judgment in favor of the defendant. The action, as originally framed, sounded in tort as well as in contract. By amendment, the complaint was for a breach of contract made by a third party for plaintiff's benefit. The plaintiff loaned money upon a second mortgage. The defendant title company attended to some details in connection with the loan. The first mortgage covering the premises required annual payments to be made in reduction thereof and was in whole payable in less than three years. Plaintiff maintained that the loan would not have been made if these circumstances had been disclosed. The trial judge submitted the case to the jury on the theory that the proofs adduced might indicate the breach of a contract to disclose these facts. A rule for a new trial was denied, all exceptions being reserved.

(1) Plaintiff first argues error in the refusal of the fifth request based upon language contained in the case of *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *N. J. L.* 487; 170 *Atl. Rep.* 22. The substance of this request was embodied in the third and fourth requests charged.

(2, 3 and 4) It was not necessary to charge the eighth request, because the case was not submitted upon the theory that the contract, as breached, was made by an agent but on the theory that there was a contract for the benefit of a third party. The plaintiff was not harmed by the submission of the case on the theory of a contract for his benefit rather than on the theory of a contract made by his agent.

(5) The fact that the court charged the jury that if there was an obligation upon the part of others to disclose facts

with respect to the amortization provision of the mortgage that circumstance could not impose a duty upon the defendant. This comment was certainly harmless.

(6) The trial court quite properly excluded certain questions asked a young lawyer called as a witness. Questions as to what may have been done in other instances in his short and limited practice seem immaterial either to show a custom, or to establish a usage among title companies in reporting defects back of a continuation search presently made.

(7) The plaintiff was paid a bonus for his loan. The trial court properly received evidence of this fact and limited damages to the amount advanced.

(8) We are unable to understand why the refusal to permit tender of the bond and mortgage should be assigned as error. Neither on the tort or contract theory would the tender of these documents have been relevant.

(9) We agree that the confidence in the Newmans' ability to pay, they being sureties upon the bond, had no relevancy, but we fail to see harmful error in the admission of the testimony.

(10) Declarations by a third person are not admissible in evidence.

Such was the letter of the Bilt-well Company sent some weeks after completion of this transaction to a firm of New York lawyers.

(11) A letter offered in evidence speaks for itself. It was clearly improper to inquire as to its purpose.

(12 and 13) The ninth and tenth requests denied were substantially covered in other parts of the charge and in the requests granted.

(14 and 15) The plaintiff's case failed by reason of the lack of facts sufficient to convince the jury of liability.

(16) There is nothing in the record to indicate an abuse of discretion in denying a new trial.

The judgment is affirmed, with costs.